**MARLIN & SALTZMAN LLP**
Stanley D. Saltzman (SBN 90058)
Adam M. Tamburelli (SBN 301902)
Cody Kennedy (SBN 296061)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991- 8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com
ckennedy@marlinsaltzman.com

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**ADMIR KOVACEVIC** and **ALEXA PARASHOS**, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

**INTELLITIX, INC.**, **INTELLIPAY, INC.**, and **DOES 1-10**, inclusive,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**(1) VIOLATION OF CALIFORNIA'S GIFT CERTIFICATE LAW [CAL. CIVIL CODE § 1749.5, *et seq.*]**

**(2) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [CAL. BUSINESS & PROFESSIONS CODE § 17200, *et seq.*]**

**(3) MONEY HAD AND RECEIVED**

**(4) UNJUST ENRICHMENT; and**

**(5) VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349, *et seq.***

**JURY TRIAL DEMANDED**

Plaintiffs ADMIR KOVACEVIC and ALEXA PARASHOS (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, hereby bring this Class Action Complaint against Defendant INTELLITIX, INC. ("Intellitix"), INTELLIPAY, INC. ("Intellipay"), and DOES 1 through 10 (collectively, "Defendants"), and on information and belief allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs and similarly situated individuals attended music festivals and/or other events (collectively, "Festivals") in California and New York. In order to purchase food, merchandise, and/or other goods or services at Festivals, consumers used Radiofrequency Identification (RFID) wristbands with a form of Festival-specific currency, such as "Bison Bucks" or "Birdie Bucks," from Defendants that they loaded onto the RFID wristbands instead of cash, credit, debit, or other forms of payment.

2. Defendants advertise the RFID wristbands as a "digital wallet," or a convenient cashless method to pay vendors for goods and/or services at events, including Festivals. They also promote their wristbands to Festival organizers and vendors as a way to reduce queues and increase "spend," which is the amount of money that customers spend on goods and services at Festivals.

3. To purchase goods or services at Festivals, patrons load money onto the RFID wristband via credit card, debit card, cash, or other methods, and use the funds loaded onto the wristbands to purchase goods or services from vendors at Festivals generally by scanning their wristbands at the individual vendors' scanners.

4. The named Plaintiffs herein loaded money onto their RFID wristbands and used the wristbands to purchase goods and/or services at Festivals. The money that they loaded onto their wristbands was converted to a Festival-specific currency. For example, at the Outside Lands festival attended by Plaintiff Parashos, money loaded onto her RFID wristband was converted to "Bison Bucks," with each Bison Buck equal to approximately $1.00. At the Mysteryland Festival attended by Plaintiff Kovacevic, money loaded onto his RFID wristband was converted to "Birdie Bucks," with each Birdie Buck equal to approximately USD $2.22.

5. Plaintiffs, like many Festival attendees, did not spend all of the money that had been pre-loaded onto their wristbands at the Festivals. However, Defendants failed to refund all unused funds to Plaintiffs. In Plaintiff Parashos' case, Defendants failed to refund any of her unused funds at all, despite the fact that she loaded the "Bison Bucks" onto her RFID wristband with a debit card. In Plaintiff Kovacevic's case, Defendants charged a $5.00 processing fee before refunding the remainder of Mr. Kovacevic's leftover funds, but failed to disclose the refund processing fee in the manner required under New York law to Mr. Kovacevic at the time he loaded funds onto his wristband, or at any point thereafter until after he was provided his refund.

6. Defendants engage in the above misconduct despite the fact that on their website, they specifically represent that refunds will be provided. Specifically in a section entitled "HOW CASHLESS PAYMENT WORKS," Defendants list 3 steps: "(1) TOP-UP CASHLESS ACCOUNT; (2) TAP WRISTBAND TO PURCHASE; (3) GET POST EVENT REFUND." *See* https://www.intellitix.com/cashless-payment/ (last accessed April 27, 2017).

7. On information and belief, and based on the representations on their website, Defendants manage the systems and/or platforms that facilitate loading money onto the RFID wristbands, facilitate using wristbands to enter Festivals and purchasing goods and/or services at Festivals, and issue refunds to wristband users.

8. Further, on information and belief, Defendants are responsible for issuing refunds and charge and collect the refund processing fees.

**JURISDICTION**

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because at least one member of the putative Classes is a citizen of a State other than that of the citizenship of Defendants, there are more than 100 Class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000, exclusive of interests and costs.

10. At all material times, Defendants have had purposeful and continuous, systematic contacts in or affecting the state of California.

**VENUE**

11. Venue is proper under 28 U.S.C. § 1391 because Defendants, at all material times, have had continuous and systematic contacts in this District by actively doing business and perpetuating the deceptive business practices that are the subject of this lawsuit in this District. In addition, a substantial part of the events or omissions giving rise to Plaintiff Parashos' claims occurred in this District.

**PARTIES**

12. Plaintiff Parashos is over the age of 18 and is a California resident. Within the statute of limitations periods applicable to each cause of action alleged herein, Plaintiff Parashos was, and is, a victim of Defendants' illegal business practices complained of herein, and has lost money and/or property as a result of those illegal practices.

13. Plaintiff Kovacevic is over the age of 18 and is a New York resident. Within the statute of limitations periods applicable to each cause of action alleged herein, Plaintiff Kovacevic was, and is, a victim of Defendants' illegal business practices complained of herein, and has lost money and/or property as a result of those illegal practices.

14. Defendant Intellitix is a Nevada corporation with its principal place of business in Denver, Colorado. On information and belief, Intellitix is a subsidiary of Intellitix Holdings Ltd., a business entity organized under the laws of Cyprus, with its headquarters in Montreal, Quebec, Canada. According to the Intellitix website (www.intellitix.com), Intellitix "is the leading global provider of technology-driven solutions for festivals and live events" and provides RFID technology that delivers "world-class access control, cashless payment and brand amplification event solutions." Intellitix website boasts that its "technology platform has enhanced over 15 million guest experiences at live events around the world" and that the company is "growing rapidly" worldwide, including in the United States.

15. Defendant Intellipay is a Delaware corporation with its principal place of business located in Salt Lake City, Utah. Intellipay is Intellitix's proprietary cashless payment system. The Intellitix website boasts that Intellitix developed Intellipay, describing it as the "world's most secure cashless payment system for live events."

16. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Intellipay was licensed to do business in California and the Northern District of California.

17. DOES 1 through 10, inclusive, are now and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through 10, inclusive and for that reason, DOES 1 through 10 are sued under such fictitious names pursuant to California Code of Civil Procedure, section 474. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## FACTUAL ALLEGATIONS

18. Plaintiff Parashos attended the Outside Lands Festival in San Francisco, California on or about August 5-7, 2016. In connection with the Outside Lands Festival, Plaintiff Parashos was issued an RFID wristband for use at the Outside Lands Festival. Ms. Parashos loaded $50.00 worth of “Bison Bucks” onto her wristband using a Visa debit card at the Outside Lands Festival, and used her wristband to purchase goods and/or services at the Outside Lands Festival. At the time Ms. Parashos loaded money onto her RFID wristband, she was not informed that she would be charged any sort of fee in order to receive a refund of any unused funds. Plaintiff Parashos spent approximately $28.00 of the money loaded onto her wristband at the Outside Lands Festival, leaving approximately $22.00 in unused funds. To this day, Ms. Parashos still has not received a refund for any portion of her unused funds.

19. Plaintiff Kovacevic attended the Mysteryland USA Festival in Bethel, New York, on or about May 22-25, 2015. In connection with the Mysteryland USA Festival, Plaintiff Kovacevic was issued an RFID wristband for use at the Mysteryland USA Festival. Mr. Kovacevic loaded approximately $100.00 worth of “Birdie Bucks” onto his RFID wristband, and used his RFID wristband to purchase goods and/or services at the Mysteryland USA Festival. At the time Mr. Kovacevic loaded money onto his RFID wristband, he was not informed that he would be charged any fee in order to receive a refund of any unused funds. Mr. Kovacevic only

spent approximately $50.00 at the Mysteryland USA Festival, leaving approximately $50.00 in unused funds. However, when he subsequently received a refund for his unused funds on or about May 29, 2015, Mr. Kovacevic was charged a $5.00 (or 2.25 Birdie Bucks) "online refund fee" in connection with the processing of his refund. Mr. Kovacevic received an email from "no-reply-mysteryland@pay.intellifest.com" confirming his refund transaction. On information and belief, pay.intellifest.com is a web domain owned and operated by Defendants. When one tries to access www.intellifest.com on the web, one is directed to the Intellitix website (intellitix.com).

20. On information and belief, the RFID wristbands cannot be used to make purchases in any other manner than described above at Festivals, and the money on the wristbands cannot be accessed outside of the Festival in connection with which the wristband was issued.

21. Upon information and belief, Defendants continue to engage in the unlawful and unfair practices alleged above.

22. Plaintiffs and the members of the Classes are likely to be injured by Defendants' conduct in the future, as they are likely to attend Festivals in the future, and avoiding the use of Defendants' RFID wristbands to purchase food, beverages, merchandise, and other goods and services at Festivals that utilize Defendants' RFID wristband services will be impossible or impractical.

## CLASS ALLEGATIONS

23. Plaintiffs bring this action individually and as representatives of all those similarly situated, on behalf of the below-defined Classes:

> **California Class**: All persons in the State of California who loaded money onto a RFID wristband provided, distributed, created, and/or operated by Defendants in connection with a Festival or Festivals, and did not spend all of the money that was loaded onto the wristband at the Festival(s), leaving unused funds, and: (a) did not receive a refund of their unused funds and/or (b) were charged a fee in connection with processing their refund, at any time in the four years preceding the filing of this lawsuit.

> **New York Class**: All persons in the State of New York who loaded money onto a RFID wristband provided, distributed, created, and/or operated by Defendants in connection with a Festival or Festivals and did not spend all of the money that was loaded onto the wristband at the Festival(s), leaving unused funds, and: (a) did not receive a refund of their unused funds and/or (b) were charged a fee in connection with processing their refund, at any time in the three years preceding the filing of this lawsuit.

Excluded from the Classes are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staffs.

24. This case is appropriate for class treatment because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

25. **Numerosity:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes are unknown to Plaintiffs at this time; however, it is estimated that the Classes number greater than one thousand (1,000) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' books and records or other approved methods. Similarly, Class members may be notified of the pendency of this action my mail, email, internet postings, and/or publication.

26. **Common Questions of Law or Fact:** There are common questions of law and fact as to Plaintiffs and all other similarly situated persons, which predominate over questions affecting only individual Class members, including, without limitation:

a. Whether Defendants provided, distributed, created, and/or operated the RFID wristbands at Festivals;

b. Whether Defendants were required to refund Class members the unused funds that they loaded onto the RFID wristbands provided, distributed, created, and/or operated by Defendants;

c. Whether Defendants failed to refund Class members the unused funds that were loaded on to Class members' RFID wristbands;

d. Whether Defendants charged unlawful refund processing fees to Class members in order to access their own money that had been loaded onto RFID wristbands provided, distributed, created, and/or operated by Defendants;

e. Whether Defendants' RFID wristbands constitute gift certificates under California and/or New York law;

f. Whether Defendants' RFID wristbands effectively contained an expiration date because they could not be used outside of the specific Festival for which they were designated; and

g. Whether Defendants' actions, or inactions, violated the state consumer protection statutes invoked below.

27. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' practices applicable to each individual Class member. As such, these common questions predominate over individual questions concerning each individual Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

28. **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Classes because, among other things, Plaintiffs and all Class members were comparably injured through Defendants' misconduct described above. As alleged herein, Plaintiffs, like the members of the Classes, were deprived of monies that rightfully belonged to them, and/or were charged illegal fees by Defendants. Further, there are no defenses available to Defendants that are unique to Plaintiffs or to either Plaintiff.

29. **Adequacy of Representation:** Plaintiffs are adequate class representatives because they are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes, and because their interests do not conflict with the interests of other Class members they seek to represent. Moreover, Plaintiffs' attorneys are

ready, willing and able to fully and adequately represent Plaintiffs and the members of the Classes. Plaintiffs' attorneys are experienced in complex class action litigation, and they will prosecute this action vigorously. The Classes' interests will be fairly and adequately protected by Plaintiffs and their counsel, who are experienced class action lawyers.

30. **Superiority:** The nature of this action and the laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Moreover, the prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendants; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

31. As such, the Classes identified in Paragraph 23 are maintainable as classes under Rule 23(a) and Rule 23(b)(1) and/or (b)(3).

**FIRST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA GIFT CERTIFICATE LAW**

**[Cal. Civ. Code § 1749.45, *et seq*.]**

32. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

33. Plaintiff Parashos brings this cause of action on behalf of herself and the California Class against Defendants.

34. Defendants' RFID wrist bands are gift certificates under Cal. Civ. Code §§ 1749.45, *et seq*., as they are: (i) redeemable only at Festivals; (ii) contain a specified amount of funds; (iii) purchased on a prepaid basis in exchange for payment; (iv) honored upon presentation to purchase food, merchandise, and/or other goods or services at Festivals; and (v) transferrable for the purposes of purchasing food, merchandise, and/or other goods or services at Festivals.

35. By failing to refund Plaintiff Parashos and members of the California Class their unused funds, Defendants violated Cal. Civ. Code § 1749(b)(1).

36. By charging a refund processing fee to members of the California Class, Defendants violated Cal. Civ. Code § 1749(a)(2).

37. By implementing an effective expiration date in Defendants' RFID wristbands by permitting the RFID wristbands to be used only at the Festival at which they are acquired, Defendants violated Cal. Civ. Code § 1749(a)(1) to the detriment of the Plaintiff Parashos and the California Class.

38. As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff Parashos and members of the California Class were deprived of the use of their money that was charged and collected by Defendants through the sale and/or use of RFID wristbands.

39. Plaintiff Parashos, on behalf of herself and the California Class, seeks compensatory damages, including actual and statutory damages, injunctive and declaratory relief, as well as reasonable attorneys' fees and the cost of this action, as a result of Defendants' violation of Cal. Civ. Code § 1749.45, *et seq*.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## [Cal. Bus. & Prof. Code § 17200, *et seq.*]

40. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

41. Plaintiff Parashos brings this cause of action on behalf of herself and the California Class against Defendants.

42. Plaintiff Parashos and the members of the California Class have standing to pursue a cause of action against Defendants for unfair and/or unlawful business acts or practices, because Plaintiff Parashos and members of the California Class have suffered an injury-in-fact and lost money as a result of Defendants' actions and/or omissions as set forth herein.

43. Defendants' actions as described herein constitute unfair competition within the meaning of Cal. Business & Professions Code § 17200, *et seq.*, in that Defendants have engaged in unlawful business practices by violating the California Gift Card Law, as alleged herein.

44. Defendants' actions described herein are also unlawful in that they impose an unconscionable forfeiture provision in the contract between Defendants and the members of the California Class in violation of Cal. Civil Code §§ 1670.5 and 1442.

45. Defendants' actions as described herein constitute unfair competition within the meaning of Cal. Business & Professions Code § 17200, *et seq.*, on the additional grounds that Defendants have unfairly failed to refund unused funds to Plaintiff Parashos and other consumers who had unused funds left over on their RFID wristbands, and/or have charged a fee for the refund of such funds.

46. Defendants' business practices, as detailed above, are unethical, oppressive, and unscrupulous, and they violate fundamental policies of California. Further, the adverse effects of such conduct outweigh any justifications for Defendants' wrongful conduct.

47. Defendants' actions have caused economic injury to Plaintiff Parashos and members of the California Class, in that they have either incurred a fee in order to access their own money that was loaded onto a RFID wristband, and/or they have not been provided any refund for unused fees left on their RFID wristband. Plaintiff Parashos and members of the California Class either would not have loaded money onto the RFID wristbands at all, would have loaded less money onto their RFID wristbands (to ensure that no funds would be left over), or would have otherwise ensured that no funds were left unused on their RFID wristbands, had they known that Defendants would charge a refund processing fee or would fail to provide any refund of unused funds at all.

/ / /

48. Plaintiff Parashos and the members of the California Class could not have reasonably avoided the injury each of them suffered, as reasonable consumers had no way of knowing that their unused funds would be retained by Defendants, or that Defendants would charge a fee to refund their money.

49. Pursuant to Cal. Business & Professions Code § 17203, Plaintiff Parashos, on behalf of herself and members of the California Class, seeks an injunction enjoining Defendants from failing to refund unused funds and charging a refund processing fee, and to prevent Defendants from continuing to engage in unfair competition or any other act prohibited by law.

50. Plaintiff Parashos, on behalf of herself and members of the California Class, also seeks rescission and an order requiring Defendants to make full restitution and disgorgement of their ill-gotten gains of all money wrongfully obtained from members of the California Class as permitted by Cal. Business & Professions Code § 17203.

51. Plaintiff Parashos, on behalf of herself and members of the California Class, also seeks attorneys' fees pursuant to Cal. Code of Civil Procedure § 1021.5.

**THIRD CAUSE OF ACTION**

**MONEY HAD AND RECEIVED**

52. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

53. Plaintiff Parashos brings this cause of action on behalf of herself and the California Class against Defendants.

54. Defendants received money from Plaintiff Parashos and the California Class that was intended to be used for the benefit of Plaintiff Parashos and the California Class.

55. Plaintiff Parashos and the California Class did not use all of the funds that they loaded onto their RFID wristbands, and therefore the money was not used for their benefit.

56. Defendants wrongly retained Plaintiff Parashos and the California Class' unused funds instead of refunding the full amount of their unused funds to them.

57. Plaintiff Parashos, on behalf of herself and members of the California Class, seeks restitution on all of the inequitable payments and profits Defendant retained from Plaintiffs and

the members of the Class in an amount subject to proof.

**FOURTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

58. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

59. Plaintiffs bring this cause of action on behalf of themselves and both the California Class and New York Class against Defendants.

60. Plaintiffs and the members of the Classes conferred an economic benefit upon Defendants by loading funds onto RFID wristbands provided by Defendants, which were intended to be used for the benefit of Plaintiffs and members of the Classes.

61. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs and the members of the Classes.

62. Defendants accepted and retained the economic benefit conferred by Plaintiffs and members of the Classes under circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value, which includes, but is not limited to, the money Defendants failed to refund to Plaintiff Parashos and the members of the Classes and/or the refund processing fees charged to Plaintiff Kovacevic and the members of the Classes.

63. Plaintiffs and the members of the Classes request restitution, attorneys' fees, and the relief described below.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349**

64. Plaintiffs re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

65. Plaintiff Kovacevic brings this cause of action on behalf of himself and the New York Class against Defendants.

66. Plaintiff Kovacevic and the New York Class have standing to pursue a cause of action for unfair and deceptive trade practices in violation of N.Y. General Business Law § 349, *et seq.*, because Plaintiff Kovacevic and members of the New York Class have suffered an

injury-in-fact and lost money as a result of Defendants' actions as set forth herein.

67. This cause of action is brought to on behalf of Plaintiff Kovacevic and the New York Class to secure redress for the unlawful, deceptive, and/or unfair trade practices perpetrated by Defendants and described herein.

68. Plaintiff Kovacevic and members of the New York Class are consumers of the products and services provided by Defendants.

69. Because Defendants' products and services are intended for use by the general public, and because Defendants' conduct affects similarly situated consumers and has a broad impact on consumers at large, Defendants are engaged in consumer-oriented conduct within the intended ambit of N.Y. General Business Law § 349.

70. The State of New York enacted N.Y. General Business Law § 349 to protect consumers from deceptive, fraudulent, and/or unconscionable trade and business practices such as those alleged herein.

71. Defendants' actions and/or omissions as described herein violated N.Y. General Business Law § 349, which declares as unlawful "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

72. Specifically, Defendants charged Plaintiff Kovacevic and members of the New York Class a refund processing fee if they wished to recoup any funds left over on their wristbands at the end of a Festival, and/or failed to provide any refund to Festival attendees for their unused funds.

73. Additionally, Defendants' conduct alleged herein is misleading and deceptive because it violates N.Y. General Business Law § 396-i(3). Specifically, the RFID wristbands provided by Defendants constitute "gift certificates" under the N.Y. General Business Law § 396-i(1), and the terms and conditions thereof, including policies related to refunds, were not conspicuously printed on the RFID wristband, its packaging, or an accompanying printed document.

74. Furthermore, Defendants engaged in materially misleading and deceptive acts and practices by providing and continuing to provide its wristband service to the consuming

public while engaging in the deceptive, unconscionable, unfair, fraudulent and misleading commercial practices described above. Defendants' objectively deceptive conduct had the capacity to deceive reasonable consumers under the circumstances. Defendants' deceptive and misleading actions and omissions as set forth herein have caused and continue to cause injury to Plaintiff Kovacevic and the members of the New York Class.

75. Defendants' practices and course of conduct in providing the RFID wristband service to consumers are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. Like Plaintiff Kovacevic, members of the New York Class either would not have loaded money onto the RFID wristbands at all, would have loaded less money onto their RFID wristbands (to ensure that no funds would be left over), or would have otherwise ensured that no funds were left unused on their RFID wristbands at the end of the Festival, had they known that Defendants would charge a refund processing fee or would not refund their money.

76. As a direct and proximate result of Defendants' violations of N.Y. General Business Law § 349, Plaintiff Kovacevic and members of the New York Class have suffered and continue to suffer damages.

77. Plaintiff Kovacevic and members of the New York Class were deceived by Defendants' actions described above.

78. As a result of the foregoing wrongful conduct of Defendants, Plaintiff Kovacevic and members of the New York Class have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including but not limited to: actual damages or $50.00, whichever is greater; treble damages up to $1,000.00; reasonable attorneys' fees and costs; an order enjoining Defendants' deceptive and unfair conduct; and all other just and appropriate relief available under N.Y. General Business Law § 349.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiffs as representatives of the Classes;
3. For an order appointing Counsel for Plaintiffs as Counsel for the Classes;
4. Upon the First Cause of Action, for compensatory damages, including actual and statutory damages, injunctive and declaratory relief, as well as reasonable attorneys' fees and the cost of this action;
5. Upon the Second Cause of Action, for injunctive relief, rescission, restitution, disgorgement of Intellitix's ill-gotten gains of all money wrongfully obtained from Plaintiff and members of the California Class, as well as attorneys' fees pursuant to Cal. Code of Civil Procedure § 1021.5;
6. Upon the Third and Fourth Causes of action, for restitution;
7. Upon the First, Second, Third, and Fourth, Causes of Action, for prejudgment interest on all damages pursuant to Cal. Civil Code §§3287 and 3289;
8. Upon the Fifth Cause of Action, for actual damages or $50.00, whichever is greater, treble damages up to $1,000.00, reasonable attorneys' fees and costs, an order enjoining Defendants' deceptive and unfair conduct, and all other just and appropriate relief available under N.Y. General Business Law § 349 on behalf of Plaintiff Kovacevic and the members of the New York Class; and
9. Upon all causes of action, such other and further relief the Court may deem just and proper.

Dated: July 7, 2017

**MARLIN & SALTZMAN, LLP**

By: s/ Adam M. Tamburelli
Stanley D. Saltzman, Esq.
Adam M. Tamburelli, Esq.
Cody R. Kennedy, Esq.
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury with respect to all issues triable by jury.

Dated: July 7, 2017

**MARLIN & SALTZMAN, LLP**

By: s/ Adam M. Tamburelli
Stanley D. Saltzman, Esq.
Adam M. Tamburelli, Esq.
Cody R. Kennedy, Esq.
Attorneys for Plaintiffs